IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICSSON RADIO, et al. | § | CIVIL ACTION NO. |
| | § | 3-93CV-01809-M |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| INTERDIGITAL COMMUNICATIONS | § | |
| CORP., et al. | § | |
| | § | |
| Defendants | § | |
| | § | |
| v. | § | |
| | § | |
| NOKIA CORPORATION | § | |
| | § | |
| Intervenor | | |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 29 2003

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

## NOKIA CORPORATION'S MOTION TO REINSTATE VACATED DECISIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Nokia Corporation ("Nokia") files this Motion to Reinstate Vacated Decisions (the "Motion"), as follows:[1]

### I. INTRODUCTION

1.   Nokia Corporation ("Nokia") seeks to reinstate this Court's claim construction and summary judgment orders. The Court previously vacated these orders after Plaintiff Ericsson, Inc. ("Ericsson") and Defendant InterDigital Communications Corp. ("InterDigital") completely and irrevocably settled their dispute and then a week later filed a Joint Motion to Vacate. In the one-sided, non-adversarial Joint Motion to Vacate,

the parties presented a distorted picture of the relevant law and facts. Without the benefit of "the light shed by adversary presentation," the Court failed to apply properly the standards and policies articulated in *Bancorp* and its progeny, especially as those standards relate to claim construction rulings. *Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 24 (1994). Now, pursuant to *Bancorp* and its progeny, this Court should reinstate its previous rulings.

## II. SUMMARY OF THE MOTION

2. The vacated rulings in this case, which are largely sealed, potentially have a substantial impact on non-parties such as Nokia, Samsung and others. For Nokia, the vacated rulings have a potentially substantial impact on obligations under an agreement it has with InterDigital. Despite InterDigital's representations to this Court—that no non-parties were affected by the Court's vacatur order—the vacated rulings are directly relevant to the issues InterDigital has publicly raised with Nokia and others, and directly impact Nokia's interests under its agreements with InterDigital.

### A. Nokia Has Sufficiently Intervened to File this Motion

3. Nokia understands that the scope of its intervention is sufficient to file this motion. While Nokia was not an original party to this action, it has been allowed to intervene pursuant to Federal Rule of Civil Procedure 24(b). During the hearing on Nokia's previous motion to intervene and unseal the record, the parties and the Court briefly addressed the topic of Nokia's instant motion. Later, in its rulings granting Nokia's motion to intervene pursuant to Rule 24(b), the Court stated that "if there is a motion to vacate my earlier vacating of orders, I will hear from you on that later." Transcript of Hearing,

---

[1] The facts, arguments and authorities supporting Nokia's Motion are more fully set forth in the Memorandum in Support of Motion to Reinstate Vacated Decisions, which is filed contemporaneously

*Ericsson v. InterDigital*, No. 3:93-CV-01809-M, p. 66, lines 18-20 (N.D. Tex. Nov. 25, 2003). To the extent that the scope of Nokia's intervention is insufficient to file the instant motion, Nokia seeks such additional intervention as may be necessary. *See Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 36 (Stevens, J., dissenting) (stating, "if vacation should ever be denied because of the potential impact on third-party interests, it was error to deny intervention in this case. . . . [The intervenor] obviously had a stake in the outcome of the motion, because the vacation of the Florida judgment significantly increased the potential liability and litigation expenses of its indemnitee."); *Nat. Union Fire Ins. Co. of Pittsburgh v. Seafirst Corp.*, 891 F.2d 762, 764 (9th Cir. 1989) (intervention granted to allow nonparty to challenge vacatur of judgment).

### B. This Court Should Reinstate the Vacated Decisions

4. This Court should reinstate the vacated decisions because the order vacating this Court's prior rulings did not comply with the principles and policies articulated in Supreme Court precedent, did not demonstrate "exceptional circumstances," and went against the great weight of authority that claim construction and corresponding summary judgment orders should not be vacated merely because parties settle.

5. The Supreme Court outlined the policies and principles that should have guided this Court's decision to vacate its presumptively correct rulings in *Bancorp*. There, the Supreme Court characterized vacatur as an extraordinary remedy and required "exceptional circumstances" before vacating presumptively correct court decisions. While *Bancorp* did not define what constitutes "exceptional circumstances," it held that the mere

---

herewith.

fact that the settlement agreement provides for vacatur" was not exceptional and did not justify vacatur. *Bancorp.* 513 U.S. at 29.

6. Subsequent courts have interpreted the *Bancorp* standard and have applied it to motions seeking to vacate claim construction rulings and corresponding summary judgment motions. These courts have uniformly held that the arguments in favor of vacatur proffered by InterDigital and Ericsson – namely (1) vacatur would promote settlement; (2) no novel or controversial legal issues were decided in this Court's orders; (3) no non-parties would be affected by vacatur; and (4) the public interest was weak – do not meet the exceptional circumstances test and are not grounds for vacating patent related claim construction and summary judgment rulings. This complete failure to justify the extraordinary remedy of vacatur requires the Court to reinstate its claim construction rulings and summary judgment orders.

### C. Rule 60(b) Allows the Court to Reinstate the Vacated Decisions

7. This Court can reinstate its vacated rulings and orders pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) broadly authorizes relief from final judgments based on various grounds including: mistakes of law or fact, unintentional misrepresentations, and "any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b) (1), (3), (6). At least one, if not all, of these grounds are satisfied in this case.

8. When granting Rule 60(b) relief, courts must balance the interest in finality of judgments with the strong premium placed on just results. In this case, the interest in a final judgment is particularly weak. Reinstating the Court's *Markman* rulings and summary judgment motions does nothing to disturb InterDigital's and Ericsson's March 10, 2003 settlement agreement or the Court's dismissal of the suit with prejudice based on that

agreement. Accordingly, none of InterDigital and Ericsson's legitimate settlement expectations are disturbed. On the other hand, the interest of justice and Nokia's, and the public's, interest in knowing the scope of patent monopolies argues strongly in favor of reinstating the Court's vacated rulings. *See Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 609-610 (5th Cir. 1963) (affirming grant of Rule 60(b) relief and stating, "[t]he public interest in a governmentally bestowed [patent] monopoly is of transcendent importance.").

### III. CONCLUSION AND REQUEST FOR RELIEF

9. WHEREFORE, Nokia respectfully requests that this Court enter an order reinstating the following rulings and orders:

| DATE FILED | DOCKET #[2] | DOCUMENT |
|---|---|---|
| 07/14/00 | 472 | Special Master's Draft Report and Recommendation on Claim Construction |
| 09/08/000 | 487 | Special Master's Final Report and Recommendation on Claim Construction |
| 05/21/01 | 543—545 | Findings, Conclusions, and Recommendation on Claim Construction |
| 07/16/01 | 569—572 | Order [on Claim Construction] |
| 07/24/01 | 575 | Agreed Order [on Claim Construction] |
| 05/21/02 | 666 | Memorandum Opinion and Order Granting Ericsson's Motion for Summary Judgment of Non-Infringement Based on the Single Base Station Limitation |
| 01/09/03 | 717 | Order Dismissing Declaratory Judgment Action Regarding Non-Infringed Claims |

Nokia also respectfully requests that this Court enter an order grating Nokia any and all relief to which it is further entitled.

---

[2] Where the specific docket number could not be identified, the range of docket numbers in which the document may be found is provided.

Respectfully submitted this 29 day of December, 2003.

By: /s/ David W. Elrod
DAVID W. ELROD
ELROD, PLLC
500 North Akard
Suite 3000
Dallas, Texas 75201

PETER KONTIO
Georgia Bar No. 428050
PATRICK J. FLINN
Georgia Bar No. 264540
KEITH E. BROYLES
Georgia Bar No. 090152
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: 404 881 7000
Facsimile: 404 881 7777

Attorneys for
NOKIA CORPORATION

### CERTIFICATE OF CONFERENCE

Counsel for Nokia has discussed the specific relief sought in the Motion to Reinstate Vacated Decisions with counsel for InterDigital Communications and Ericsson and they oppose the requested relief.

/s/ David W. Elrod
David W. Elrod

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion To Reinstate Vacated Decisions was served, on this 29 day of December, 2003, by First Class Mail to the following:

D. Dudley Oldham
Robert S. Harrell
Linda Addison
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

Dan D. Davison
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 75201
Dallas, Texas 75201

*Attorneys for InterDigital Communications Corporation and InterDigital Technology Corporation*

Mike McKool, Jr.
Douglas Cawley
T. Gordon White
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*Attorneys for Ericsson, Inc.*

David W. Elrod